Judge Underwood
delivered the opinion of the Court.
King brought his action against McLean, founded on a covenant of general warrantee in a deed for the conveyance of a tract of land, averring overture by paramount title. McLean plead “that before the commencement of his suit, King, conveyed the land, in the deed or covenant in the declaration, men: lioned, to Samuel Burks, which will'appear by said deed, a copy of which is to the court here shewn. If any right of action has accrued against this defendant, by reason of said deed, it has accrued to said Burks, and this he is ready to verify, &c.” To this *33 plea the plaintiff, demurred; the court overruled the demurrer and gave judgment on the plea for the defendant.
Profort of a deed and allegation of its operation, without making the deed a part of the record, no evidence of its contents or its effect-.
We do not believe the plea a good bar to the action, We-admit that covenants real, pass with the land, and that the last vendee is entitled to his action on the co venant of warranty against any remote vendor, the intermediate conveyances operating as assignments of the covenant of warranty to the last vendee, who is entitled to recover the purchase money received by any of the antecedent vendors of the land. Butitdoes not appear from the plea in this case when the deed was made by King to Burks. It is averred that it was 'done before the commencement of the suit, but that may have been, yet, King’s right of action against McLean may have remained unaffected. The decia•ration avers that the land was recovered by judgment from King in virtue of a paramount title. Whether King had been turned off under the judgment, at the time he made the deed to Burks, does not appear. We think the legal presumption is, after judgment, that the possession is with the successful claimant, where there are no positive averments contradicting such presumption. Now, if King made the deed to Burks after judgment, and when King was not possessed, on the contrary when the possession was adverse to King’s claim, then the deed from King to Burks would pass no interest in the land; and therefore could not operate so as to transfer King’s right of action against McLean, consequent in the loss of the land, and which had become a mere chose in action, before the deed was made. This may be the case for aught that appears in' the plea.
Making profert of a copy of the deed which is no where made part of the plea on record, and which copy may have had nothing official- about it, and the contents of which are wholly unknown to this court, cannot cure the objection. The statement in the plea that the right of action accrued to Burks, is a mere deduction from facts, and not warranted by the facts as presented to us. We perceive no good objection to the declaration.
•Petition for a re-hearing,
Dmny and Crittenden for appellant; Mayes for appellee.
■Daniel M\yes, Esq. for appellee, filed a petition for re-hearing.
The judgment of the court below must, therefore;, • be reversed and the suit remanded, with instructions to the inferior court, to render judgment upon the demurrer as to the fifth plea in favor of the plaintiff
The appellant must recover his-costs in this court.